UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONOCOPHILLIPS PIPE LINE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 11-497-DRH-DGW |
| v. | ) ) ) |
| ROGERS CARTAGE COMPANY, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff ConocoPhillips Pipe Line Company and for its Complaint against Defendant Rogers Cartage Company states the following:

1. This is an action pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607, as amended, for the recovery of costs incurred by or to be incurred by Plaintiff in performing response actions at a site located at 3300 Mississippi Avenue in Cahokia, Illinois and pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), for an injunction compelling Defendant to complete the remediation.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States of America. Specifically, Count I is predicated upon and seeks relief pursuant to CERCLA, 42 U.S.C. § 9607, and Count II is predicated upon and seeks relief pursuant to RCRA, 42 U.S.C. § 6972(a)(1)(B). In addition, the Declaratory Judgment Act, 28 U.S.C. § 2201, and Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), authorize this Court to grant declaratory relief.

3.       Pursuant to 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), venue is proper in this Court because this case arises out of actions occurring at and pertaining to property located in Cahokia, Illinois, which is within this judicial district.

## THE PARTIES

4.       Defendant Rogers Cartage Company ("Rogers Cartage") is a corporation organized under the laws of the State of Illinois. Rogers Cartage is a trucking company that has hauled products containing hazardous substances.

5.       Plaintiff ConocoPhillips Pipe Line Company ("CPPL") is a corporation organized under the laws of the State of Delaware.

## THE SITE

6.       CPPL owns a 360-acre pipeline terminal property at 3300 Mississippi Avenue in Cahokia, Illinois (the "Property").

7.       Rogers Cartage leased a five-acre tract on the southern portion of the Property north of Cargill Road and west of an unnamed access road (the "Site") for use as an office and garage. Upon information and belief, Rogers Cartage began its operations at the Site in the 1950s and continued to lease the Site until at least 1970.

8.       The Site has not been used or occupied since Rogers Cartage left the Property.

9.       During the time that it conducted operations at the Site, Rogers Cartage hauled hazardous substances, including polychlorinated biphenyl ("PCB") waste, to disposal facilities and washed out its trucks at the Site. Wastewater from these activities was discharged into impoundments and drainage features adjacent to the washout area.

10.      During and after the time that Rogers Cartage operated the Site, PCB waste and other hazardous substances spilled or leaked from the trucks, impoundments and drainage features onto the soil at the Site.

11. CPPL completed a site investigation and determined that PCBs are present in soil at the Site at concentrations above the PCB remediation waste clean-up standards contained in Title 40, Part 761 of the Code of Federal Regulations.

12. According to the United States Environmental Protection Agency ("U.S. EPA"), the presence of elevated levels of PCBs in the soil at the Site creates a risk of groundwater or surface water contamination.

## COUNT I

## CERCLA COST RECOVERY, 42 U.S.C. § 9607(a)

13. Plaintiff repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 12 of the Complaint as paragraph 13 of Count I, as though fully set forth herein.

14. Defendant Rogers Cartage is a corporation and therefore is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

15. Rogers Cartage is a covered person under 42 U.S.C. § 9607(a). Rogers Cartage operated the Site at the time of disposal of PCBs and other "hazardous substances," as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14). As a result, Rogers Cartage is a liable person under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

16. The Site is a "facility" as defined by Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

17. PCBs have been classified as "hazardous substances" by the U.S. EPA pursuant to Section 102(a) of CERCLA, 42 U.S.C. § 9602(a).

18. During the time that Rogers Cartage operated the Site, there were "releases," as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of PCBs and other "hazardous substances" at the facility.

19. Plaintiff has undertaken response actions at the Site in response to the release or threatened release of PCBs and other hazardous substances.

20. The costs that Plaintiff has incurred, and will continue to incur, while undertaking response actions at the Site are "response" costs as that term is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25). Plaintiff's response costs include, but are not limited to, funds expended to complete an investigation to assess the extent of PCB contamination from Rogers Cartage's operations.

21. The response costs Plaintiff incurred were "necessary costs of response" as that phrase is used in Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

22. The response costs Plaintiff has incurred and will incur have been and will be incurred, to the extent necessary, in substantial compliance with the National Contingency Plan ("NCP").

23. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Rogers Cartage is jointly and severally liable to Plaintiff, in whole or in part for any necessary costs of response for the Site that Plaintiff has incurred or will incur in the future in substantial compliance with the NCP.

24. To date, Rogers Cartage has not reimbursed Plaintiff for any of the response costs Plaintiff incurred in connection with the Site.

## COUNT II

## RCRA § 6972(a)(1)(B)

25.     Plaintiff repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 24 of the Complaint as paragraph 25 of Count II, as though fully set forth herein.

26.     Defendant Rogers Cartage is a corporation and is therefore a "person" as defined in § 6903(15) of RCRA.

27.     The chemicals and substances disposed of and released at the Site, including but not limited to PCBs, are solid and hazardous wastes as defined in RCRA §§ 6903(5) and (27).

28.     Defendant Rogers Cartage engaged in the handling, storage, treatment, transportation or disposal of solid and hazardous wastes in a manner that has contributed to and is contributing to the contamination of the Site.

29.     Specifically, during the period that it was leasing the Site, Rogers Cartage washed out its trucks at the Site and allowed PCBs and other solid and hazardous wastes to enter the soil and to accumulate at the Site where they could potentially cause contamination. Rogers Cartage is responsible for this contamination because it failed to properly handle, transport or dispose of solid and hazardous wastes and because it failed to abate the contamination that it caused. Due to the current disposal, release and migration of solid and hazardous waste contaminants through the soil, the contamination at the Site presents an imminent and substantial endangerment to health and the environment as defined in RCRA. As contributors to this hazardous condition, Defendant Rogers Cartage is subject to suit pursuant to § 6972(a)(1)(B).

30.     In accordance with § 6972(b) and 40 C.F.R. 254, Plaintiff sent a letter by registered mail, return receipt requested, dated July 9, 2010 to Rogers Cartage providing it with prior notice of the violations and the claims made in this Count. Copies of the letter were also

sent to the Administrator of the U.S. EPA, the Regional Administrator for Region V of the U.S. EPA, and the Director of the Illinois Environmental Protection Agency.  Defendants received this letter more than 90 days prior to the filing of this Complaint.  Neither the Administrator of the U.S. EPA nor the State of Illinois commenced an action during this 90-day period that would preclude Plaintiff from pursuing a claim under Section 7002(a)(1)(B) of RCRA.

31.     Pursuant to RCRA § 6972(b)(2)(F), Plaintiff will serve a copy of this Complaint on the Attorney General of the United States and the Administrator of the U.S. EPA.

32.     This Court has jurisdiction pursuant to Section 7002(a) of RCRA to enter injunctive relief restraining and enjoining Defendant Rogers Cartage from allowing continued contamination of the Site and compelling Rogers Cartage to abate the contamination that it has caused.  Under RCRA, this Court should also award Plaintiff its attorneys' fees and impose appropriate civil penalties on Rogers Cartage.

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff ConocoPhillips Pipe Line Company respectfully requests that this Court:

A.     Enter a judgment against Defendant requiring it to pay, in whole or in part, the costs of response incurred by Plaintiff with respect to the Site, together with interest and costs of suit; and

B.     Award compensatory damages; and

C.     Enter a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., against Defendant declaring, adjudging, and decreeing that Defendant is required by law to reimburse Plaintiff, in whole or in part, for all costs of response to be incurred at the Site, such judgment to be binding on any subsequent action or actions to recover further response costs or damages; and

    D.       Compel Defendant to abate the contamination it has caused at the Site; and

    E.       Impose civil penalties, pursuant to 42 U.S.C. § 6928(g), for Defendant's willful failure and refusal to clean up the Site; and

    F.       Award interest, attorneys fees and other costs of litigation; and

    G.       Award such other and further relief as the Court may deem just and proper.

                              Respectfully submitted,

                              CONOCOPHILLIPS PIPE LINE CO.

                              By:    /s/ James F. Thompson
                                          One of its Attorneys

James F. Thompson
LATHROP & GAGE LLP
2345 Grand Blvd., Suite 2200
Kansas City, Missouri  64108
816.292.2000 (Telephone)
816.292.2001 (Fax)
jthompson@lathropgage.com (Electronic Mail)

Andrew L. Schulkin
LATHROP & GAGE LLP
100 N. Riverside Plaza, Suite 2100
Chicago, Illinois  60606
312.920.3300 (Telephone)
312.920.3301 (Fax)
aschulkin@lathropgage.com (Electronic Mail)