IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CONOCOPHILLIPS PIPE LINE
COMPANY,

    Plaintiff,

v.                                    No. 11-cv-497-DRH

ROGERS CARTAGE COMPANY,

    Defendant.

## ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is defendant Rogers Cartage Company's motion for a more definite statement with regard to count I of plaintiff's complaint (Doc. 14). Plaintiff ConocoPhillips Pipe Line Company filed a two count complaint alleging CERCLA and RCRA violations against defendant on June 15, 2011 (Doc. 2). Defendant's instant motion argues plaintiff's count I CERCLA violation allegations are "vague and ambiguous," as the words "hazardous waste" have no "inherent meaning." Thus, defendant lacks adequate notice of plaintiff's count I claim (Doc. 14, p. 1). In response, plaintiff argues its complaint provides adequate notice of the count I allegations against defendant as it "refers in at least eleven different places to polychlorinated biphenyl (PCB) waste and specifically alleges that PCBs are 'hazardous substances' under CERCLA" (Doc. 17, p. 2).

    Defendant motions for a more definite statement pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(e), which provides, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so

vague or ambiguous that the party cannot reasonably prepare a response." However, "such relief applies to a small class of pleadings that, though 'sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed,' nonetheless are 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" *Beesley v. Int'l Paper Co.*, No. 06-cv-703, 2009 WL 260782, at *1 (S.D. Ill. Feb. 4, 2009) (citing *Vician v. Wells Fargo Home Mortgage*, No 05-cv-144, 2006 WL 694740, at *9 (N.D. Ind. Mar. 16, 2006)). Further, courts have suggested denial of these motions is proper when the information can be obtained through discovery. *See Storey v. Illinois State Police*, No. 05-cv-4011, 2006 WL 278168, at *3 (S.D. Ill. Feb. 2, 2006). Thus, if the complaint sufficiently enables the defendant to know the allegations charged, it is sufficient to overcome a Rule 12(e) motion.

The Court finds the complaint is not as inadequate as defendant argues, nor as complete as plaintiff suggests. Although the complaint alleges defendant disposed of PCBs, it also alleges defendant disposed of "other hazardous materials." However, the Court finds defendant's inquiry is more appropriately resolved through discovery. Thus, as plaintiff's complaint enables defendant to know the allegations charged, defendant's motion is **DENIED** (Doc. 14).

**IT IS SO ORDERED.**

Signed this 9th day of November, 2011.

Digitally signed by David R. Herndon
Date: 2011.11.09 14:46:27 -06'00'

**Chief Judge**
**United States District Court**