IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CONOCOPHILLIPS PIPE LINE COMPANY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ROGERS CARTAGE COMPANY, )<br>)<br>    Defendant. )<br>)<br>) | Case No. 3:11-cv-497-DRH-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is a Motion to Strike Insufficient Affirmative Defenses filed by Plaintiff ConocoPhillips Company (Doc. 28). The motion is **GRANTED in part and DENIED in part**.

**BACKGROUND**

Plaintiff, Conoco Phillips Pipe Line Company (CPPL), owns a 360-acre pipeline terminal property in Cahokia, Illinois. Defendant, Rogers Cartage leased a five-acre tract on the southern portion of the property sometime between the 1950s and 1970s (hereinafter "the site"). CPPL alleges that the site was not used or occupied by anyone since Defendant left the property. CPPL also claims that during the time Defendant leased the site and after, Defendant washed out trucks used for hauling hazardous substances (including polycholinated biphenyl (PCB) waste) at the site. CPPL claims that washwater was discharged into impoundments and drainage features adjacent to the washout area. Plaintiff investigated the site and found PCBs to be present in soil at a quantity above the standards required by 40 C.F.R. § 761, creating a risk of groundwater or surface water contamination. CPPL incurred "necessary costs of response" to complete an investigation to assess the extent of PCB contamination and asked the court to

enter judgment on its behalf requiring the Defendant to pay, in whole or in part, the costs of response, with interest and costs of suit, compensatory damages, and enter a declaratory judgment requiring Defendant to compensate CPPL for all costs to be incurred at the site and to bind the judgment on any subsequent action or actions to recover further response costs or damages.  CPPL also asks for the Court to compel Defendant to abate the contamination it caused at the site, impose civil penalties for Defendant's willful failure and refusal to clean up the site, and, finally, award interest, attorney's fees, and other costs of litigation.

Defendant responded to CPPL's complaint with an answer asserting forty-one affirmative defenses and a counterclaim for contribution to Plaintiff's first count: cost recovery under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA").  In response, Plaintiff filed the pending Motion to Strike Insufficient Affirmative Defenses (Doc. 28).  In summary, CPPL askes the Court to strike the majority of Defendant's affirmative defenses, listing them as "irrelevant, unavailable, redundant, and inadequately pleaded."  Defendant responded in opposition to Plaintiff's motion, stating that none of Defendant's affirmative defenses should be stricken, especially prior to discovery.

## LEGAL STANDARDS

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  If an affirmative defense presents substantial questions of law or fact, the motion to strike cannot be granted. *U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975).  The defense should be stricken if the insufficiency of the defense is clearly apparent on the face of the pleadings and cannot be reasonably inferred from any statement of facts in the pleadings. *Id.*  The standard is narrow in order "to provide a

party the opportunity to prove his allegations if there is a possibility that his defense or defenses may succeed after a full hearing on the merits." *Id*.  Generally, a motion to strike a defense as insufficient is "not favored by the courts because of its potential as a dilatory tactic;" however, it is nonetheless "a useful and appropriate tool for weighing the legal implications to be drawn from uncontroverted facts." *Id.* Where motions to strike serve to "remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Financial Inc., v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).  Before a motion to strike should be granted, however, the court must "be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Lirtzman v. Spiegel, Inc.,* 493 F.Supp. 1029, 1031 (N.D. Ill. 1980).

Determining the sufficiency of affirmative defenses under Rule 12(f) is intertwined with provisions of Fed. R. Civ. P. 8(c), which allow a responding party to raise "any avoidance or affirmative defense."  The purpose of the rule "is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail." *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997).

While the Federal Rules of Civil Procedure continue to apply, the statute at issue here, 42 U.S.C. §9607 (the liability section of CERCLA), limits the defenses a defendant may raise to the following:

> There shall be no liability under subsection (a) of this section for a person otherwise liable who can establish by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by—
>
> (1) an act of God;
>
> (2) an act of war;
>
> (3) an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant (except where the

3

>sole contractual arrangement arises from a published tariff and acceptance for carriage by a common carrier by rail), if the defendant establishes by a preponderance of the evidence that (a) he exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions; or

>(4) any combination of the foregoing paragraphs.

42 U.S.C. § 9607(b).   In this circuit, courts interpret the statute to "explicitly limit the defenses to liability under CERCLA to those enumerated in the statute." *Town of Munster, Indiana v. Sherwin-Williams Co., Inc.*, 27 F.3d 1268, 1273 (7th Cir. 1994); *National Acceptance Co. of Am. v. Regal Products, Inc.*, 155 F.R.D. 631, 635-38 (E.D. Wis. 1994) (analyzing various affirmative defenses on motion to strike affirmative defenses filed by plaintiff). *See also Blasland, Bouck & Lee, Inc. v. City of North Miami*, 283 F.3d 1286, 1304-05 (11th Cir. 2002) (holding CERCLA bars equitable defenses not enumerated in section 9607(b)).  In an action brought under the contribution section of CERCLA (42 U.S.C. § 9613), a court may, however, consider many factors which could not properly be considered during the liability phase, including equitable defenses. *Sherwin-Williams Co.,* 27 F.3d 1268, 1273 (7th Cir. 1994).

DISCUSSION

*Affirmative Defenses Relevant to Defendant's Counterclaim*

CPPL challenges a number of defenses as invalid because they are unrelated to the determination of liability under 42 U.S.C. § 9607(b).  In its Motion to Strike, CPPL categorizes these as Mitigation of Damages (Affirmative Defense 10), Factors Affecting Contribution (Aff. Defs. 5, 22, 27), Plaintiff's ability to establish response costs (Aff. Defs. 2, 23, 28, 32-35, 39), Divisibility (Aff. Def. 20), Equitable Defenses (Aff. Defs. 4, 7, 8, 9, and 21), and De Minimis Role (Aff. Def. 19).   The Court recognizes that this action is one for liability under section 9607, and by the terms of the statute the affirmative defenses a

4

Defendant may raise are limited. But Defendant Rogers Cartage has filed a counterclaim alleging contribution under 42 U.S.C. § 9613 (Doc. 20). Each of the challenged defenses is relevant to a determination of contribution. While the defenses may be redundant in light of the counterclaim, the Court agrees with Defendant that it used caution in including these theories as both affirmative defenses and as a counterclaim. *See* Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated . . . ."). The Court will not punish Defendant's caution. Moreover, the Court cannot say that under no set of circumstances could the challenged defenses or counterclaim succeed. See *Lirtzman,* 493 F.Supp. at 1031. CPPL's request to strike defenses 2, 4, 5, 7, 8, 9, 10, 19, 20-23, 27, 28, 32-35, and 39 is **DENIED**.

*Proximate Cause and Intentional Wrongdoing*

Proximate cause, which sounds in negligence, does not apply to CERCLA, which is based upon strict liability. *See United States v. Alcan Aluminium Corp.*, 990 F.2d 711, 721 (2d Cir. 1993); *U.S. v. Bliss*, 667 F.Supp. 1298, 1309 (E.D. Mo. 1987) ("The structure of CERCLA and its legislative history make it clear that traditional tort notions, such as proximate cause, do not apply."). Based upon the principle that causation is not required to demonstrate liability under the statute, Defendant's Affirmative Defense 11 based on proximate cause, and 31 based on intentional wrongdoing are insufficient on the face of the pleading and are therefore **STRICKEN**.

*Availability of CERCLA §107 Claim*

The "plain language" of CERCLA § 107 (42 U.S.C. § 9607) authorizes cost-recovery actions by any private party, including potentially responsible parties (PRPs). *U.S. v. Atlantic Research Corp.*, 551 U.S. 128, 136 (2007). Defendant points to two post-*Atlantic Research* cases in the Second and Third

Circuits that limit the right of private parties to assert direct claims against other private parties under section 9607. *See Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112 (2d Cir. 2010); *Agere Systems, Inc. v. Advanced Environmental Technology Corp.*, 602 F.3d 204 (3d Cir. 2010). This Court is not required to follow precedent from other circuits, particularly when the Supreme Court has spoken on the issue. The Seventh Circuit has not ruled on the question since *Atlantic Research* was decided. Thus, the Supreme Court precedent is binding.

Based upon the holding of *Atlantic Research*, this Court finds ConocoPhillips's standing as a PRP does not prevent it from bringing claims against Defendant under section 9607. Moreover, the Supreme Court considered the potential for "inequitable distribution of costs" that might occur as a result of an adjudication under section 9607, but found that any inequity could be accounted for by the defendant filing a counterclaim for contribution under section 9613, which is exactly what Defendant here has done. *Atlantic Research*, 551 U.S. at 140. Accordingly, Affirmative Defenses 14, 15, 16, 17, and 25, all of which claim that section 9607 does not provide a remedy for CPPL as a PRP, are **STRICKEN**.

*Constitutionality, Due Process Clause, and Ex Post Facto Law*

Defendant raised the affirmative defenses that a retroactive application of CERCLA violates both the due process clause and the constitutional prohibition against *ex post facto* laws (Aff. Defs. 6, 36, and 37). A number of circuits have found that Congress intended CERCLA to apply retroactively to hold liable parties who allegedly caused contamination prior to CERCLA's enactment. *See Commercial Logistics Corp. v. ACF Industries, Inc.*, Case No. 4:04cv00074-SEB-WGH, 2004 WL 2595880 (S.D. Ind. November 10, 2004) (collecting cases). Neither the Supreme Court nor the Seventh Circuit, however, have explicitly determined CERCLA's retroactivity. While the weight of the case law may support a finding that CERCLA is retroactive, the Supreme Court and Seventh Circuit's silence on the question does

6

not foreclose an argument that CERCLA does not apply retroactively. Thus, the affirmative defenses challenging the retroactive application of the statute as violative of due process and an unconstitutional *ex post facto* law may stand. Plaintiff's request to strike Affirmative Defenses 6, 36, and 37 is therefore **DENIED**.

*Third Party Defenses, Joinder of Parties, Contributory Negligence, and Voluntariness of Costs*

Third Party Defenses to CERCLA liability are set out in 42 U.S.C. § 9607(b)(3). CPPL urges that affirmative defense regarding third parties (Aff. Defs. 3, 12, 18, 24, 29, and 30) are too vague. The Court disagrees. Some discovery may have to occur for Rogers Cartage to determine whether and to what extent third parties are liable. Furthermore, the liability of third parties is relevant to Rogers Cartage's section 9613 counterclaim. Therefore, CPPL's request to strike these affirmative defense (3, 12, 18, 24, 29, and 30) is **DENIED**.

*Statutes of Limitations*

Plaintiff challenges this defense (Aff. Def. 1) for vagueness. The Court disagrees. Defendant will be allowed to retain and develop the affirmative defense that Plaintiff's claims are barred by relevant statutes of limitations. CPPL's request to strike this defense is **DENIED**.

*Reservation of Future Affirmative Defenses*

Finally, Plaintiff claims that Defendant's statement that it reserves the right to raise additional affirmative defenses violates Fed. R. Civ. P. 8(c) and "serves to create ambiguity." While CPPL is correct that affirmative defenses not raised in the answer are generally waived, the Court may exercise its discretion to determine whether or not prejudice results. *See Day v. McDonough*, 547 U.S. 198, 202 (2006); *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 632 (7th Cir. 2010); *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 334 (7th Cir. 1987) ("When parties argue an affirmative

defense in the district court, technical failure to plead the defense is not fatal."). Because of the potential for amendment of pleadings in this case, and for later, non-prejudicial assertion of new affirmative defenses, CPPL's request to strike affirmative defense 41 is **DENIED**.

## CONCLUSION

In summary, CPPL's Motion to Strike Insufficient Affirmative Defenses is **GRANTED in part and DENIED in part**. Defenses 11, 14, 15, 16, 17, 25, and 31 are **STRICKEN**. All other affirmative defenses shall remain.

**IT IS SO ORDERED.**

**DATED: April 12, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**