IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PHILLIPS 66 PIPELINE LLC,**
*formerly known as* **ConocoPhillips Pipe Line Company,**

    **Plaintiff,**

v.

**ROGERS CARTAGE COMPANY,**

    **Defendant/Counterclaim Plaintiff/Third-party Plaintiff,**

v.

**MONSANTO COMPANY, SOLUTIA INC., and PHARMACIA CORPORATION,**

    **Third-Party Defendants**        No. 11-cv-497-DRH-DGW

## ORDER

**HERNDON, Chief Judge:**

### I. INTRODUCTION

Pending before the Court is defendant Rogers Cartage Company's motion to dismiss Count II of plaintiff Phillips 66 Pipeline LLC's complaint (Doc. 12). Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), defendant argues plaintiff's Count II, seeking an injunction pursuant to the Resource Conservation and Recovery Act ("RCRA"), § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B), lacks subject matter jurisdiction, as the Environmental Protection Agency ("EPA") has commenced removal and/or remedial actions. Thus, defendant argues Section 113(h) of the Comprehensive Environmental Response, Compensation and

Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613(h), holds plaintiff's Count II lacks subject matter jurisdiction.  Plaintiff responds that CERCLA Section 113(h) is not jurisdictional; thus, Rule 12(b)(1) is not the proper vehicle for defendant's instant motion.  Moreover, plaintiff argues, as the EPA has merely begun to investigate the contaminated site at issue, CERCLA Section 113(h) does not preclude Count II (Doc. 23). For the following reasons, the Court agrees with plaintiff's reasoning and accordingly **DENIES** defendant's motion (Doc. 12).

## II.   BACKGROUND

Plaintiff filed the subject complaint on June 15, 2011 (Doc. 2). Plaintiff's complaint arises from defendant's lease of five-acres (the "Site") of plaintiff's 360-acre pipeline terminal property situated at 3300 Mississippi Avenue, Cahokia, Illinois. Defendant leased plaintiff's property from a predecessor of plaintiff from the 1950s until at least 1970. Plaintiff alleges that while defendant conducted operations on plaintiff's property, it "hauled hazardous substances, including polychlorinated biphenyl ('PCB') waste, to disposal facilities and washed out its trucks at the Site."  Plaintiff's Count I is a cost recovery claim under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Count II, the subject of the instant motion, is a citizen suit claim pursuant to RCRA § 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B). Plaintiff's Count II seeks "injunctive relief restraining and enjoining [defendant] from allowing continued contamination of the Site and compelling [defendant] to abate the contamination that it has caused." Further, plaintiff requests that the Court award it its attorney's fees and impose civil penalties on defendant, pursuant to the RCRA.

Defendant filed the instant motion to dismiss plaintiff's Count II on October 31, 2011 (Doc. 12). As plaintiff responded to defendant's motion on November 8, 2011, the dispute is ripe for resolution (Doc. 23).

### III.  ARGUMENTS AND APPLICATION

Defendant argues this Court lacks subject matter jurisdiction over plaintiff's Count II, as the facts demonstrate that the EPA has commenced removal and/or remediation actions with respect to the Site under CERCLA. Thus, defendant argues any injunction this Court may order would conflict with the EPA's clean-up orders and directions under CERCLA. In support, defendant cites Section 113 of CERCLA, 42 U.S.C. § 9613(h), which provides:

> No Federal court shall have jurisdiction under Federal law other than under section 1332 of Title 28 (relating to diversity of citizenship jurisdiction) or under State law which is applicable or relevant and appropriate under section 9621 of this title (relating to cleanup standards) to review any challenges to removal or remedial action selected under section 9604 of this title, or to review any order issued under section 9606(a) of this title.

Defendant argues that an EPA removal and/or remedial action pursuant to 42 U.S.C. § 9604 is ongoing with respect to the Site. Thus, the Court does not have jurisdiction to entertain plaintiff's Count II. As defendant characterizes its dismissal as a factual attack on the subject matter jurisdiction of plaintiff's Count II, it states the Court may consider matters outside of the pleadings. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Accordingly, defendant cites a letter demanding reimbursement of costs from the EPA dated May 27, 2011, as evidencing the EPA's ongoing removal and/or remedial action (Doc. 13, pp. 7-16). The letter states that the EPA,

> [H]as been conducting response actions to address contamination at the [Site]. Under § 107(a) of CERCLA, 42 U.S.C. § 9607(a), you ["Potentially Responsible Party"] are responsible for unrecovered costs incurred by EPA while investigating the Site.
> . . .
> Pursuant to authority contained in § 104 of [CERCLA], 42 U.S.C. § 9604, the EPA determined that there was a release of hazardous substances (as defined by § 101(14) of CERCLA) at the Site.

(Doc. 13, p. 7).

Plaintiff responds that CERCLA Section 113(h) does not divest the Court of subject matter jurisdiction over its Count II, as the EPA has not "selected" a removal or remedial action that plaintiff's Count II somehow "challenges." In support, plaintiff first alleges that defendant's reliance on Rule 12(b)(1) is misplaced, as the Seventh Circuit has determined that the Timing of Review provision in CERCLA Section 113(h) cannot deprive a Court of subject matter jurisdiction. Thus, any motion based on Section 113(h) must rely on Rule 12(b)(6), failure to state a claim upon which relief can be granted. *See Frey v. EPA,* 270 F.3d 1129, 1132 (7th Cir. 2001) ("*Frey I*").

The Court agrees that Rule 12(b)(1) is not the proper authority for the instant motion, as *Frey I* makes clear that failure to comply with Section 113(h) results in dismissal under Rule 12(b)(6), not Rule 12(b)(1). *Id.* Rule 12(b)(6) authorizes dismissal when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Szumny v. Am. Gen. Fin.,* 246 F.3d 1065, 1067 (7th Cir. 2001). Dismissal under Rule 12(b)(1) is appropriate when a court lacks subject matter jurisdiction, meaning Article III competence to hear a case. *Frey I,* 270 F.3d at 1132. However, Section 113(h) does not speak to a

Court's power to hear a case, but instead establishes prerequisites for certain kinds of environmental suits. *Id.* Thus, "[a] person who does not comply with § 113(h) will not prevail, but the court's power to adjudicate the case is clear, and a dismissal should be predicated on FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), not 12(b)(1)." *Id.*

The distinction is important to the instant dispute, as in the Rule 12(b)(1) context, the court may weigh the evidence and make factual findings regarding jurisdiction based on evidence presented by the parties. *See Apex*, 572 F.3d at 444. However, under Rule 12(b)(6), only the complaint and its exhibits are examined. Documents outside the complaint and its exhibits are not considered unless the court converts the motion into one for summary judgment. FED. R. CIV. P. 12(d). Further, under Rule 12(b)(6), "the court indulges every reasonable presumption in favor of the complainant." *Frey I*, 270 F.3d at 1132.

Instantly, defendant's motion relies entirely on a document that is not an exhibit to plaintiff's complaint, nor "referred to in plaintiff's complaint and [] central to [its] claim." *See Venture Assoc. Corp. v. Zenith Data Sys.*, 987 F.2d 429, 432 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). Further, the Court will not convert defendant's motion into one for summary judgment under Rule 56. Thus, the EPA letter is not properly before this Court on the instant motion.

Moreover, even if the EPA letter was properly before the Court, it does not indicate CERCLA Section 113(h) precludes plaintiff's Count II. In *Frey v. EPA*,

Page 5 of 9

403 F.3d 828 (7th Cir. 2005) ("*Frey II*"), the plaintiffs brought suit to compel the EPA to clean up toxic waste dumps near Bloomington, Indiana. The EPA moved for summary judgment, arguing CERCLA Section 113(h) barred the suit as concrete and remedial measures were still underway at the sites. *Id.* at 831-32.

In concluding that the EPA's ongoing investigation and testing of groundwater and soil contamination did not preclude review under Section 113(h), the Seventh Circuit focused on the provision's use of the term "selected." The court opined,

> For EPA to delay Frey's suit, it must point to some objective referent that commits it and other responsible parties to an action or plan. No such objective evidence exists in this record. There is no timetable or other objective criterion by which to assess when EPA's amorphous study and investigation phase may end.

*Id.* at 834. Thus, the court held, "EPA cannot preclude review by simply pointing to ongoing testing and investigation with no clear end in sight." *Id.* at 835.

Defendant argues the EPA letter of May 27, 2011, "demonstrates that an EPA removal and/or remedial action pursuant to 42 U.S.C. § 9604 is ongoing with respect to the Site." As the Seventh Circuit explained in *Frey II,* "[r]emoval refers to a short-term action taken to halt risks posed by hazardous wastes immediately. Remedial actions involve permanent solutions, taken instead of or in addition to removal, such as the destruction of hazardous materials." *Id.* The EPA letter of May 27, 2011, does not indicate either removal or remedial actions have been "selected" under the Seventh Circuit's interpretation of CERCLA Section 113(h), as it merely states the EPA's "response actions" of "investigating the Site" have "determined that there was a release of hazardous substances . . . at the Site."

This does not demonstrate the type of objective plan contemplated under *Frey II.* Thus, even if the EPA letter was properly before this Court, it does not demonstrate plaintiff's Count II is barred at this time.

Defendant cites to non-binding and factually distinguishable precedent in support of its contention that the EPA letter demonstrates CERCLA Section 113(h) bars plaintiff's Count II. In *Wason Ranch Corp. v. Hecla Mining Corp.,* No. 07-cv-00267, 2008 WL 906110, *3 (D. Colo. Mar. 31, 2008), the EPA had issued an Action Memorandum documenting its approval of a removal action. The Action Memorandum additionally approved a "Project Implementation Plan," providing additional details for the removal action. These documents, "outlined the first phase of the EPA's program to investigate, assess, and remove or remediate sources of metals contamination within the" site at issue. *Id.* Thus, the sites at issue were subject to ongoing response action. *Id.* at *12. Instantly, the EPA letter seeking reimbursement for investigation costs clearly does not indicate the type of response action demonstrated in *Wason Ranch.*

Additionally, in *McClellan v. Ecological Seepage Situation v. Perry,* 47 F.3d 325, 328 (9th Cir. 1995), the Department of Defense was already implementing a groundwater cleanup program; thus, the district court concluded that, "a comprehensive cleanup effort is currently underway." The Ninth Circuit further noted the "Action Plan" at issue took into account all applicable statutory requirements, including those of the RCRA and the Clean Water Act, and coordinated compliance with each. *Id.* at 329. Again, a similar plan demonstrating EPA response actions are ongoing is not present in the instant

case. Similarly, the plaintiffs in *Razore v. Tulalip Tribes of Wash.*, 66 F.3d 236, 238 (9th Cir. 1995), could not assert a RCRA citizen suit claim, as they had signed an Administrative Order of Consent with the EPA that required them to perform a Remedial Investigation/Feasibility Study ("RI/FS") pursuant to 40 C.F.R. § 300.430.

Finally, in *Cannon v. Gates*, 538 F.3d 1328, 1334 (10th Cir. 2008), the government had completed a preliminary assessment of the property, including conducting an "Archive Search Report" which compiled historical records, interviews, and site surveys to determine the exact nature of the subject testing conducted on the property. Based on this assessment, the government prepared a cost analysis report demonstrating the property was highly contaminated. Further, the government was planning a site survey at the time of suit. Thus, the court found the government's efforts to "monitor, assess, and evaluate" the hazardous substances on the subject property constituted an ongoing removal action. *Id.* There is nothing to indicate the EPA has made a similar effort to "monitor, assess, and evaluate," the instant Site.

The Court reiterates that the EPA letter of May 27, 2011, is not properly before the Court on defendant's motion, which the Court deems a motion to dismiss for failure to state a claim under Rule 12(b)(6). Thus, defendant has not provided the Court with any authority holding plaintiff's Count II fails as a matter of law to state a claim. Moreover, even if the EPA letter was properly before the Court it does not demonstrate the EPA has "selected" removal or remedial response actions, as it is merely a demand for reimbursement for costs expended

in investigating the Site. The one page letter does not demonstrate any objective plan of action is contemplated at this time. Thus, on the record before the Court, defendant's motion is **DENIED** (Doc. 12).

### IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **DENIES** defendant's motion to dismiss Count II of plaintiff's complaint (Doc. 12).

**IT IS SO ORDERED.**

Signed this 11th day of July, 2012.

Digitally signed by David R. Herndon
Date: 2012.07.11 10:51:17 -05'00'

**Chief Judge**
**United States District Court**