IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIPS 66 PIPELINE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROGERS CARTAGE COMPANY, ) <br> ) <br> Defendant. ) | Case No. 3:11-cv-497-DRH-DGW |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the truthfulness of assertions made by the parties in connection with the Motion for Leave to File the First Amended Complaint and related pleadings (Docs. 67, 68, and 69). The Court assumes familiarity with the proceedings and the issues in this case. The Court makes the following findings of fact:

### FINDINGS OF FACT

1. On January 4, 2013, a hearing was held in which attorneys James F. Thompson and Andrew L. Schulkin appeared on behalf of Plaintiff and Robert Schultz appeared on behalf of Defendant.

2. Defendant claimed in its brief (Doc. 68) that Plaintiff engaged in two general acts which have resulted in unnecessary lengthening of this litigation:

    a.  Failing to keep Defendant and the Court appraised of the consent decree, entered on

        December 28, 2012 in case *United States of America v. Phillips 66 Pipeline, LLC*, 3:12-cv-1159-DRH-PMF, and the effect it would have on the pleadings in this case; and,

    b.    Failing to timely supplement discovery responses with information related to negotiations between Plaintiff and the government related to the consent decree.

3.    Notification of the Consent Decree and its Effect:

    a.    Defendant asserted, in its brief, that it did not receive notification of the consent decree until November 9, 2012.

    b.    Defendant actually was aware of the negotiations between Plaintiff and the government, which had been going on for years, since before the filing of this lawsuit.

    c.    Defendant was not surprised as to the fact that Plaintiff and the government were negotiating with respect to the site at issue and that they would eventually enter into a formal agreement. Indeed, this was the subject of Defendant's October 31, 2011 Motion to Dismiss (Doc. 12).

    d.    Defendant was surprised that Plaintiff and the government actually entered into a Consent Decree.

    e.    Defendant acknowledges that it received discovery in April, 2012 which included correspondence between Plaintiff and the government.

    f.    Defendant further acknowledged that it received a letter from the government, dated August 28, 2012, inviting it to join the consent decree.

    g.    Defendant therefore was completely aware of the negotiations between Plaintiff

        and the government – Plaintiff was not deceiving either Defendant or the Court with respect to these negotiations.

    h. While Defendant may have been surprised as to the date of the consent decree, such surprise is unfounded and not the result of any nefarious conduct on the part of Plaintiff.

4. Representations with Respect to Discovery

    a. Plaintiff served upon Defendant various correspondence between itself and the government on April 9, 2012 related to the consent decree.

    b. Plaintiff did not serve upon Defendant additional relevant discovery related to the consent decree until December 5, 2012.

    c. Plaintiff's supplemental discovery responses were not prompt.

    d. Defendant has suffered no prejudice as a result of the failure to promptly serve discovery responses.

    e. The parties have already engaged in discovery related to CERCLA § 113(f) because such a claim is included in Defendant's Answer.

    f. The proposed amended complaint will not add significantly to discovery in this matter: Defendant stated that it will conduct only 2 or 3 additional depositions which can be concluded within the next 30 days (although Plaintiff does not believe that any additional discovery is necessary).

5. At most, Plaintiff has been: 1. Tardy in supplementing discovery; however, such tardiness has not prejudiced Defendant in any way; and, 2. Conservative in pursuing its claims before this Court so as not to prematurely waive any claim or defense.

6.       At most, Defendant has: 1. Exaggerated the amount of discovery that would be required in light of Plaintiff's new claim; and 2. Engaged in hyperbole with respect to the surprising nature of the consent decree.

## CONCLUSION

Neither party has engaged in any unethical conduct nor has either party deceived the other party or the Court.  However, it is **RECOMMENDED** that the parties be reminded to temper their language and to engage in the expected level of decorum in briefs before this Court.  The Court notes that the parties did exhibit the appropriate level of decorum at the hearing.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 7, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**