IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PHILLIPS 66 PIPELINE LLC,**
*formerly known as* **ConocoPhillips Pipe Line Company,**

    **Plaintiff,**

**v.**

**ROGERS CARTAGE COMPANY,**

    **Defendant.**　　　　　　　　　　　　　　**No. 11-cv-497-DRH-DGW**

## MEMORANDUN & ORDER

**HERNDON, Chief Judge:**

### I.   INTRODUCTION

Pending before the Court is plaintiff Phillips 66 Pipeline LLC's motion for leave to file first amended complaint (Doc. 67), as well as a Report a Recommendation (R&R) of United States Magistrate Judge Donald G. Wilkerson on the truthfulness of assertions made by the parties in connection with plaintiff's motion for leave to file the first amended complaint (Doc. 81). As no party objects to the findings of Magistrate Judge Wilkerson, *see* SDIL-LR 73.1(b), the Court **ADOPTS** the R&R (Doc. 81) and **GRANTS** plaintiff's motion for leave to file first amended complaint (Doc. 67).

### II.   BACKGROUND AND FACTUAL FINDINGS

Plaintiff's instant complaint consists of two counts encompassing CERCLA Cost Recovery, 42 U.S.C. § 9607(a), and RCRA, § 6972(a)(1)(B) (Doc. 2). Plaintiff seeks leave to file an amended complaint (Doc. 67), to reflect plaintiff's right of

contribution against defendant created by plaintiff's recent settlement with the United States. *See United States v. Phillips 66 Pipeline LLC,* 12-cv-1159-DRH-PMF. Thus, plaintiff's proposed amended complaint consists of Count I: CERCLA Cost Recovery, 42 U.S.C. § 9607(a). and Count II: CERCLA Contribution, 42 U.S.C. § 9613(f). Plaintiff alleges that because a contribution claim is based on the same standard of liability as plaintiff's existing Count I (CERCLA Cost Recovery), the proposed amended complaint would not cause any prejudice to defendant as it would require minimal additional discovery and would further simplify this litigation by eliminating plaintiff's claim for injunctive relief under the RCRA.

Defendant opposes plaintiff's request, arguing that plaintiff has not shown good cause for seeking leave to amend after the deadline of March 1, 2012, set for the filing of amended pleadings (Doc. 25). Defendant argues plaintiff did not sufficiently alert defendant of its negotiations with the government until November 9, 2012. Defendant argues if it had sufficiently known of such negotiations, it would have concurrently conducted discovery related to issues for a contribution claim under CERCLA § 113(f). Thus, defendant alleges plaintiff improperly "remained mum until after [defendant] had incurred significant discovery-related legal fees and until after discovery deadlines had passed," to sufficiently inform it of its negotiations with the government. Additionally, defendant alleges plaintiff improperly failed to supplement discovery with its communication with the government. Thus, in sum, defendant alleges it will be prejudiced if the Court allows plaintiff to "change the basis and theory of its lawsuit at this late date."

Relevantly, after defendant filed its response in opposition to plaintiff's request, plaintiff filed a reply stating exceptional circumstances in support. *See* Doc. 69; SDIL-LR 7.1(c). Plaintiff alleges defendant misrepresented plaintiff's disclosures concerning its negotiations with the government and the amount of additional discovery necessary to plaintiff's proposed amended complaint.

In light of the parties' allegations charging each other with various misrepresentations and failures to disclose relating to discovery, the Court referred this matter to Magistrate Judge Wilkerson for hearing to "discern if any officer of the Court violated any of his or her obligations to deal truthfully with the Court and to get to the facts of the dispute at bar on the issue that is pending" (Doc. 71). Magistrate Judge Wilkerson conducted said hearing and issued a report and recommendation as to certain findings of fact relevant to the instant dispute (Doc. 81). As no party objected to Magistrate Judge Wilkerson's findings, the Court **ADOPTS** the R&R in its entirety. Thus, relevant to the instant dispute, the Court finds:

- Defendant actually was aware of the negotiations between plaintiff and the government, which had been going on for years, since before the filing of this lawsuit.

- Defendant was not surprised as to the fact that plaintiff and the government were negotiating with respect to the site at issue and that they would eventually enter into a formal agreement. Indeed, this was the subject of defendant's October 31, 2011 motion to dismiss (Doc. 12).

- Defendant was surprised that plaintiff and the government actually entered into a Consent Decree.

- Defendant acknowledges that it received discovery in April, 2012 which included correspondence between plaintiff and the government.

- Defendant further acknowledges that it received a letter from the government, dated August 28, 2012, inviting it to join the consent decree.

- Defendant therefore was completely aware of the negotiations between plaintiff and the government- plaintiff was not deceiving either defendant or the Court with respect to the negotiations.

- Plaintiff served upon defendant various correspondence between itself and the government on April 9, 2012 related to the consent decree

- Plaintiff did not serve upon defendant additional relevant discovery related to the consent decree until December 5, 2012.

- Plaintiff's supplemental discovery responses were not prompt.

- Defendant has suffered no prejudice as a result of the failure to promptly serve discovery responses.

- The parties have already engaged in discovery related to CERCLA § 113(f) because such a claim is included in defendant's answer.

- The proposed amended complaint will not add significantly to discovery in this matter: Defendant stated that it will conduct 2 or 3 additional depositions which can be concluded within the next 30 days (although plaintiff does not believe that any additional discovery is necessary).

### III. LAW AND APPLICATION

To amend a pleading after the expiration of the trial court's scheduling order deadline to amend pleadings, the moving party must show "good cause." *See* Fed. R. Civ. P. 16(b)(4); *Alioto v. Town of Lisbon,* 651 F.3d 715, 719 (7th Cir. 2011); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.,* 424 F.3d 542, 553 (7th Cir. 2005). This standard primarily considers the diligence of the party

seeking amendment. *Trustmark,* 424 F.3d at 553. Plaintiff seeks to amend the pleadings approximately eight months after the deadline imposed pursuant to the parties' agreed scheduling order (Doc. 25). However, as explained above, plaintiff's proposed amended complaint arises from plaintiff's recent settlement with the government. Thus, although plaintiff did not seek leave to file an amended complaint until November 2012, as this Court did not approve the Consent Decree until December 2012, the Court finds plaintiff has been diligent in its attempts to amend the pleadings and accordingly has shown "good cause" for amendment.

Further, on the basis of the above statements and the R&R's recommendation, the Court finds that while plaintiff has been at most tardy in supplementing discovery, such tardiness has not prejudiced defendant. Further, plaintiff has been conservative in pursuing its claims so as not to prematurely waive any claim or defense. As for defendant, the Court finds defendant has exaggerated the amount of discovery that would be required in light of plaintiff's new proposed claim and engaged in hyperbole with respect to the surprising nature of the Consent Decree. Therefore, plaintiff's motion for leave to file first amended complaint is **GRANTED** (Doc. 67). *See* Fed. R. Civ. P. 15(a)(2) (The court should freely give leave [to amend] when justice so requires).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion for leave to file first amended complaint (Doc. 67). Accordingly, defendant's motion for hearing regarding plaintiff's motion for leave to file first amended complaint is

**RENDERED MOOT** (Doc. 70). Plaintiff shall file its amended complaint by **February 12, 2013**. Further, the Court **ADOPTS** the findings of the R&R (Doc. 81).

    **IT IS SO ORDERED.**

Signed this 5th day of February, 2013.

Digitally signed by David R. Herndon
Date: 2013.02.05 11:49:16 -06'00'

**Chief Judge**
**United States District Court**